UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| HENRY BARROWS, #B82577, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No. 13-1156 |
| ILLINOIS DEPARTMENT OF, CORRECTIONS and C/O JESSE, | ) ) ) ) |
| Defendants. | ) |

## OPINION

This cause is before the Court for consideration of Defendant Jesse's ("Defendant") Motion for Summary Judgment (ECF No. 13). Plaintiff Henry Barrows ("Plaintiff"), proceeding *pro se*, filed his lawsuit against Defendant, a Correctional Officer at Pontiac Correctional Center, in accordance with 42 U.S.C. § 1983 alleging a violation of constitutional rights. (ECF No. 1 at 1). For the reasons stated below, Defendant's Motion for Summary Judgment (ECF No. 13) is GRANTED IN PART and RESERVED IN PART.

## SUMMARY JUDGMENT STANDARD

A motion for summary judgment will be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). A material fact is one that might affect the outcome of the suit. *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 598-99 (7th Cir. 2000). The moving party may meet its burden of showing an absence of material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to

1

show there is a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

On summary judgment, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. at 588. Any disputed issues of fact are resolved against the moving party. *GE v. Joiner*, 552 U.S. 136, 143 (1997). The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. *Celotex Corp.*, 477 U.S. at 323. Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. *Id*. at 324. Where a proposed statement of fact is supported by the record and not adequately rebutted, a court will accept that statement as true for purposes of summary judgment; an adequate rebuttal requires a citation to specific support in the record. *Drake v. Minnesota Mining & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998). This Court must then determine whether there is a need for trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may be reasonably resolved in favor of either party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986).

**FACTS**

Plaintiff, who is incarcerated within the Illinois Department of Corrections ("the Department") at Pontiac Correctional Center, filed his Complaint against Defendant on April 8, 2013, pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff also named the Illinois Department of Corrections ("the Department") as a party in his Complaint, but the Department has since been terminated as a party in this case. Plaintiff alleged that for a three week period he was placed in

a cell contaminated with feces, that he was given a mattress contaminated with feces and urine, and that he was not given any cleaning supplies. *Id.* at 5.

The Administrative Review Board ("ARB") records show Plaintiff submitted two grievances regarding his condition of confinement at Pontiac Correctional Center. (ECF No. 14 at 2). One grievance was dated May 20, 2012, and the other was dated July 23, 2012. *Id.* (*See also* Johnson Aff. ¶7-8). The May 20, 2012, grievance was received by the ARB on July 27, 2012, regarding the condition of Plaintiff's mattress and contained no other allegations. (ECF No. 14 at 2) (*See also* Johnson Aff. ¶9). Plaintiff was sent a response from the ARB to his May 20, 2012, grievance on March 7, 2013, in which the ARB recommended the grievance be considered moot because Plaintiff had received a different mattress. *Id.* The July 23, 2012, grievance was received by the ARB on August 10, 2012, regarding the fact Plaintiff claimed his cell was contaminated with feces and urine. (ECF No. 14 at 3) (*See also* Johnson Aff. ¶11). Plaintiff was sent a response to his July 23, 2012, grievance from the ARB on March 3, 2013, stating the grievance was not submitted in the timeframe outlined in Department Rule 504. *Id.* Therefore, the issue was not further addressed. There were no other grievances received by the ARB from Plaintiff regarding the condition of his cell while he was incarcerated at Pontiac Correctional Center. *Id.*

## DISCUSSION

This matter is now before the Court on a Motion for Summary Judgment by Defendant. In Defendant's Motion for Summary Judgment, he argues "Plaintiff failed to properly exhaust his administrative remedies with respect to his claims that the cell was contaminated with feces and that he was denied cleaning supplies by Defendant prior to filing his Complaint." (ECF No. 13 at 2).

**A. Prison Litigation Reform Act and Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), governs a variety of procedural requirements related to inmate suits brought under 42 U.S.C. § 1983. (ECF No. 39 at 8). Under the PLRA, inmates must first exhaust all available administrative remedies prior to filing suit. Specifically, 42 U.S.C. § 1997e(a) states "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See also Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008).

The exhaustion requirement applies to all inmate suits relating to prison life. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of administrative remedies is a condition precedent to filing suit. *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). A plaintiff's suit must be dismissed if administrative remedies are not fully and properly exhausted. *Woodford v. Nqo*, 126 S. Ct. 2378, 2383 (2006) (holding a prisoner cannot satisfy the exhaustion requirement by filing untimely or otherwise procedurally defective grievances). To meet the exhaustion requirement, prisoners must follow the administrative steps established by the state. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

**B. Illinois Department of Corrections Grievance Procedures**

Inmates incarcerated within the Department may file grievances in accordance with Department Rule 504F: Grievance Procedures for Committed Persons. The grievance procedures established by this rule are contained in the inmate handbooks provided to inmates upon arrival at correctional institutions and are contained in the Illinois Administrative Code.

Under Department Rule 504F: Grievance Procedures for Committed Persons, generally, an inmate has sixty days to file a grievance from the date of discovery of the problem.

The review of a prisoner's grievance progresses from a Counselor to a Grievance Officer to the CAO to the Director. 20 Ill. Admin. Code §§ 504.800, *et seq*. The first step involves speaking with a Counselor about the contested issue. *Id.* at 504.810(a). If this attempt is unable to occur, then the inmate has the option to file a written complaint within sixty days after the discovery of the problem. *Id.* Inmates must follow state rules and regulations about the content of the grievance. *Jones v. Bock*, 549 U.S. 199, 219 (2007); *Riccardo v. Rausch*, 375 F.3d 521, 523 (2004). The Illinois prison exhaustion regulations provide:

> The grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 Ill. Admin. Code § 504.810(b); *Riccardo*, 375 F.3d at 524.

The written grievance should be addressed to the Grievance Officer, who then evaluates, and submits his or her recommendation to the CAO. *Id.* at 504.830(d). The CAO "shall advise the offender of the final decision in writing within two months after receipt of the written grievance, where reasonably feasible." *Id.* If this does not suffice, and the inmate is dissatisfied with the response, he or she can appeal to the Director through the ARB within thirty days after the date of the CAO's written decision. *Id.* at 504.850(a).

The final step includes a review by the Director, who examines the findings and recommendations of the ARB and issues a final determination within six months after receiving the complaint, where reasonably feasible under the circumstances. *Id.* at 504.850(f). Once the inmate receives the Director's decision, the grievance procedure is finished.

An inmate may request a grievance be handled on an emergency basis by forwarding the grievance directly to the CAO rather than to a Counselor or a Grievance Officer. 20 Ill. Admin.

Code § 504.840. If the CAO determines there is a substantial risk of imminent personal injury or other serious irreparable harm to the inmate, the grievance may be handled on an emergency basis. *Id.* An inmate may appeal the CAO's decision in such a situation to the ARB; however, the procedures outlined in 20 Ill. Admin. Code § 504.810 for the filing of grievances must be followed.

### C. Whether Plaintiff Failed to Exhaust his Administrative Remedies

Plaintiff submitted a grievance to the ARB dated May 20, 2012, which solely complained about the mattress in Plaintiff's cell. (ECF No. 14-1 at 5). Plaintiff states in the grievance: "Once again [sic] I'm [sic] filing a grievance on this smelly, urine, feces infected torn up mattress." *Id.* The sole complaint contained in the body of the grievance is the condition of Plaintiff's mattress, the fact he was not given a new mattress, and as a result, he was sleeping on the steel bunk and it was causing him pain. *Id.* The sole relief requested in the grievance was to be given a new mattress. *Id.* Defendant argues the grievance was fully exhausted because it received a Counselor's response on May 31, 2012, a Grievance Officer's response on July 20, 2012, and finally an ARB response on March 7, 2013. (ECF No. 14-1 at 5-7). The ARB's response stated Plaintiff received a different mattress, but the ARB's response does not say when Plaintiff received another mattress. *Id.*

Plaintiff filed another grievance dated July 23, 2012. (ECF No. 14-1 at 8). This grievance contained allegations his cell was contaminated with feces. *Id.* The grievance also stated Plaintiff was denied gloves after he requested them. *Id.* Plaintiff again complained about the condition of his mattress and stated he requested a mattress from Defendant for more than a month and a half. *Id.* Defendant argues the July 23, 2012, grievance was not exhausted. (ECF No. 14 at 8). Defendant contends the only claim prison officials had an opportunity to address

6

was concerning Plaintiff's mattress when he filed his May 20, 2012, grievance. (ECF No. 14 at 7). Defendant asserts Plaintiff did not exhaust his administrative remedies because he failed to get a Counselor's response to his July 23, 2012, grievance. *Id.* at 8. Instead of getting a Counselor's response, Plaintiff sent his grievance to the Grievance Officer who noted there was no Counselor's response and stated the grievance was being returned because it was not submitted in the timeframe outlined in Department Rule 504. (ECF No. 14-1 at 10). Nevertheless, Plaintiff sent the grievance to the ARB who received it on August 10, 2012. *Id*. at 11. The ARB returned the grievance because it was not submitted in the timeframe outlined in Department Rule 504. *Id.* The ARB stated: "You only have 60 days to file a grievance. No counselor response." *Id.* Plaintiff states he was placed in the allegedly contaminated cell on May 10, 2012, but Plaintiff did not file the grievance complaining about the cell until July 23, 2012. (ECF No. 14-1 at 8). Because the grievance was not submitted within the required timeframe, the ARB did not address the issues complained of in the grievance. (ECF No. 14-1 at 11).

Defendant states the ARB has no record Plaintiff submitted any other grievance regarding the condition of his cell during May 20, 2012. (ECF No. 14 at 9). Defendant argues the only grievance that was fully exhausted contained no mention of the alleged contamination of the cell nor did the grievance contain any mention Plaintiff was denied cleaning supplies. *Id.* In Plaintiff's Response to Defendant's Motion for Summary Judgment, Plaintiff claims "[t]he facts show within the record that plaintiff attempted to exhaust his available remedies prior to bringing 42 U.S.C. § 1983 complaint." (ECF No. 16 at 4). Plaintiff goes on to argue prison officials deterred the administrative grievance process. *Id.* Plaintiff sought further review from the ARB, and the ARB failed to instruct him as to the proper course of action to follow. *Id.* In fact,

Plaintiff argues "the ARB chose to address the grievance no further." *Id.* Plaintiff contends he exhausted all available administrative remedies. *Id.*

The Court finds Plaintiff failed to exhaust the July 23, 2012, grievance because it was not submitted within the timeframe outlined within Department Rule 504. Plaintiff also failed to follow the proper procedure for resolving grievances because he did not have his Counselor sign the grievance before it was sent to the CAO. Therefore, the Court finds Plaintiff's claim relating to the alleged feces contaminated cell and the denial of cleaning supplies is dismissed for failure to exhaust administrative remedies prior to filing suit.

As to the first grievance Plaintiff filed on May 20, 2012, the Court finds this grievance may not be moot. In other words, Plaintiff may have a claim because it is not clear whether Plaintiff received another mattress.

**IT IS THEREFORE ORDERED:**

**Defendant's Motion for Summary Judgment (ECF No. 13) is GRANTED IN PART and RESERVED IN PART. Plaintiff is directed to file a document with this Court within 21 days to clarify whether he received another mattress. If Plaintiff claims he did not receive another mattress, the Court directs Defendant to file a document with this Court within 42 days to confirm the date on which they claim Plaintiff received the mattress.**

ENTERED this 26th day of August, 2014.

                          /s/ Michael M. Mihm
                    MICHAEL M. MIHM
           UNITED STATES DISTRICT JUDGE